IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0387-B |
| | § | |
| RON DEPOLO | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

The United States of America has filed a petition to enforce an Internal Revenue Service ("IRS") summons served on Ron DePolo.  For the reasons stated herein, the petition should be granted.

I.

On December 2, 2009, the IRS served an administrative summons on DePolo as part of an investigation into his federal tax liability for the calendar years 1998, 1999, 2000, 2001, 2002, and 2004.  DePolo was directed to appear before Karen T. Preston, an IRS Revenue Officer, on December 14, 2009 at 8:00 a.m., to give testimony and bring for examination all documents and records relating to his assets and liabilities for the period from September 1, 2009 to November 30, 2009.  DePolo failed to appear as required.  The government filed this judicial enforcement action on February 25, 2010.

A show cause hearing was held on April 15, 2010 before U.S. Magistrate Judge Jeff Kaplan.  DePolo appeared at the hearing *pro se*.  Special Assistant U.S. Attorney Adam L. Flick appeared for

the government. After considering the written submissions of the parties and the evidence presented at the hearing, the court determines that the summons should be enforced in its entirety.

## II.

A federal district court may enforce an IRS summons if a taxpayer fails to appear and produce records that are relevant to a legitimate tax inquiry. 28 U.S.C. § 7604; *United States v. Wyatt*, 637 F.2d 293, 299-300 (5th Cir. 1981). To obtain enforcement of a summons, the government has the initial burden to show that: (1) the investigation is being conducted for a legitimate purpose; (2) the summons is relevant to that purpose; (3) the information sought is not already in the possession of the IRS; and (4) all proper administrative procedures have been followed. *United States v. Powell*, 379 U.S. 48, 57-58, 85 S.Ct. 248, 254-55, 13 L.Ed.2d 112 (1964). The burden of establishing a prima facie case is "slight" or "minimal" and can be satisfied by presenting the sworn affidavit testimony of the agent who issued the summons. *See Mazurek v. United States*, 271 F.3d 226, 229-30 (5th Cir. 2001); *United States v. Davis,* 636 F.2d 1028, 1034 (5th Cir.), *cert. denied*, 102 S.Ct. 320 (1981). Once the government establishes a prima facie case, the burden shifts to the taxpayer to rebut the *Powell* factors or demonstrate that enforcement of the summons would result in an abuse of process. *Mazurek*, 271 F.3d at 230.

The government has established a prima facie case for judicial enforcement of the summons. In a sworn declaration and in her testimony at the hearing, Preston explained that she is investigating DePolo's tax liability for the calendar years 1998, 1999, 2000, 2001, 2002, and 2004. (*See* Gov't Pet., Exh. B. at 1, ¶ 2). Because DePolo failed to file tax returns for those years, the IRS assessed his tax liability as follows:

| | |
|---|---|
| 1998 | $ 30,531.00 |
| 1999 | $ 62,336.00 |
| 2000 | $ 63,985.00 |

|        |              |
|--------|--------------|
| 2001   | $ 74,336.00  |
| 2002   | $ 59,447.00  |
| 2004   | $ 66,346.00  |
| **Total:** | **$356,981.00** |

Preston further testified that the books, records, and other documents requested in the summons are necessary to the investigation, that the information sought is not already in the possession of the IRS, that all administrative steps required by law for issuance of the summons have been taken, and that there is no Justice Department referral in effect with respect to this matter. (*See also id.*, Exh. B at 2, ¶¶ 6-9).

In an attempt to rebut the government's prima facie case, DePolo appears to challenge the assessment of taxes for the relevant periods and the refusal of the IRS to answer questions about his taxpayer rights. A summons enforcement action is not the proper vehicle for raising these issues. *See Beaumont Key Services, L.L.C. v. United States*, No. 3-05-CV-0973-L, 2005 WL 2007100 at *2 (N.D. Tex. Aug. 19, 2005), *citing United States v. Kis*, 658 F.2d 526, 535 (7th Cir. 1981), *cert. denied*, 102 S.Ct. 1712 (1982). Rather, the sole reason for such a proceeding is to ensure that the IRS has issued a summons for a proper purpose. *Id.* The IRS may summon information and documents for the legitimate purpose of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . ., or collecting any such liability[.]" 26 U.S.C. § 7602(a). Information is relevant if it "might shed light on" any aspect of the investigation. *United States v. Caltex Petroleum Corp.*, 12 F.Supp.2d 545, 554 (N.D. Tex. 1998) (citing cases). Clearly, the documents summoned by the IRS are relevant to the ongoing investigation of DePolo's tax liability for the periods in question.

Nor has DePolo shown that enforcement of the summons would constitute an abuse of the court's process. To establish abuse of process, a taxpayer must produce evidence of bad faith or

egregious misconduct on the part of the government. *Id.* at 555. This heavy burden is consistent

with the reluctance of courts to circumscribe the broad summons authority given the IRS. *Id.*

DePolo appears to argue that the summons was issued for an improper purpose because the IRS has

refused to produce any tax assessment records and has not provided certain information requested

by him in correspondence. Such conduct, even if proved, falls far short of the egregious misconduct

required to prove an abuse of process. *Cf. United States v. Texas Heart Institute*, 755 F.2d 469, 482

(5th Cir. 1985), *overruled on other grounds*, *United States v. Barrett*, 837 F.2d 1341 (5th Cir. 1988)

(bad faith found where IRS planned to unlawfully disclose the summoned documents); *United States*

*v. Deak-Perera & Co.*, 566 F.Supp. 1398, 1402 (D.D.C. 1983) (bad faith found where IRS

committed fraud in gathering information used to issue the summons).

## RECOMMENDATION

The government's petition to enforce IRS summons [Doc. #1] should be granted. Ron

DePolo should be ordered to testify and produce all books, records, papers, and other documents

specified in the summons attached as Exhibit "A" to the government's petition filed on February 25,

2010. DePolo should be ordered to appear with these materials before Revenue Officer Karen T.

Preston, or any other officer of the Internal Revenue Service, at 1100 Commerce Street, MC5104

DAL Room 951, Dallas, Texas 75242, on **May 17, 2010** at **9:00 a.m.**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,*

79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED:  April 15, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE